UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

**08 C 1369**

| | | |
|---|---|---|
| JT's FRAMES, INC., an Illinois corporation, individually and as the representative of a class of similarly-situated persons, | ) ) ) ) | |
| Plaintiff, | ) ) | Case No. |
| v. | ) ) | Judge: |
| AMERICA DIRECT, INC. | ) ) ) | |
| Defendant. | ) | |

**JUDGE ANDERSEN**
**MAGISTRATE JUDGE BROWN**

## NOTICE OF REMOVAL TO FEDERAL COURT BASED ON FEDERAL QUESTION JURISDICTION

Pursuant to 28 U.S.C. §§ 1331, 1367, 1441 and 1446, defendant, AMERICA DIRECT, INC. ("America Direct") by and through its attorneys, Eric L. Samore, Molly A. Arranz and Darren P. Grady of SmithAmundsen LLC, hereby submits this Notice of Removal to the United States District Court for the Northern District of Illinois, Western Division, of the above-styled action, pending as Case No. 08 CH 238 in the Circuit Court of McHenry County, Illinois. In support of this petition and as grounds for removal, America Direct states as follows:

1. On or about February 7, 2008, Plaintiff, JT's Frames, Inc. ("Plaintiff" or "JT's Frames") filed this action in the Circuit Court of McHenry County, Illinois, styled, JT's Frames, Inc. v. America Direct, Inc., Case No. 08 CH 238. The only other party to the action is Defendant, America Direct. No proceedings have occurred in the Circuit Court of McHenry County as of the date of this removal.

2. A copy of Plaintiff's Class Action Complaint, Motion for Class Certification, and Summons were served on America Direct on February 13, 2008.

3.  The Class Action Complaint alleges three causes of action based on an alleged transmission from Defendant to Plaintiff of a purported unsolicited facsimile advertisement. Specifically, the Class Action Complaint contains the following claims: violation of the Telephone Consumer Protection Act, 47 U.S.C. Section 227 ("TCPA"), conversion, and violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2 ("ICFA"). Plaintiff brings these claims on behalf of a class of persons. (*See* **Exhibit A** attached hereto.)

4.  This case is a civil action of which the United States District Court for the Northern District of Illinois has original jurisdiction under the provisions of 28 U.S.C. § 1331 because Plaintiff has alleged a cause of action under the TCPA, as indicated by not only Count I but by the "Preliminary Statement" to the Class Action Complaint. *See Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449-51 (7th Cir. 2005).

5.  Removal to this federal court is authorized by 28 U.S.C. § 1441. The Seventh Circuit has held in another TCPA-based lawsuit that TCPA actions are removable under 28 U.S.C. § 1441 because a claim pursuant to the TCPA arises under federal law. *Brill*, 427 F.3d at 449-51 (stating that removal of the TCPA action was authorized by Section 1441 and allowed by 47 U.S.C. § 227(b)(3)).

6.  This Court has supplemental jurisdiction over Plaintiff's ICFA and common law conversion claims because they form part of the same cause or controversy as the alleged TCPA violation. *See* 28 U.S.C. § 1367. Plaintiff's claims do not raise novel or complex issues of Illinois law nor do Plaintiff's state law claims predominate over its federal TCPA claim. *See* 28 U.S.C. § 1367(c). This Court also has supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. § 1441(c).

7. There are no other defendants named in this action.

8. Defendant attaches, as **Exhibit A** to this Notice of Removal to Federal Court Based on Federal Question Jurisdiction, copies of the Class Action Complaint and Motion for Class Certification, together with summons, which are the only documentation of process served. At the time of filing this Notice of Removal to Federal Court, no other processes, pleadings, or orders, other than the documents attached hereto, have been served upon Defendant. Plaintiff has not yet requested a trial by jury as indicated by the Class Action Complaint.

9. This Notice of Removal is timely, in accordance with 28 U.S.C. § 1446(b), as it is filed within 30 days after Defendant was served with the Summons and Class Action Complaint, which sets forth the claims upon which the Notice of Removal is based. *See Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354, 119 S. Ct. 1322, 1328 (1999).

10. Written notice of this Notice of Removal is being served upon plaintiff, and a copy of the Notice of Removal is being filed with the Circuit Court of McHenry County, Illinois. The Circuit Court of McHenry County, Illinois, is located within this District and Division.

WHEREFORE, defendant, AMERICA DIRECT, INC., petitions that the above-entitled action be removed and transferred from the Circuit Court of McHenry County, Illinois, to the United States District Court for the Northern District of Illinois, Western Division.

Respectfully Submitted,

By: _____
Attorneys for Defendant

Eric L. Samore, ARDC # 6181345
Molly A. Arranz, ARDC # 6281122
Darren P. Grady, ARDC # 6289608
SMITH AMUNDSEN, L.L.C.
150 North Michigan Avenue, Suite 3300
Chicago, Illinois 60601
Phone: (312) 894-3200