UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| JT's FRAMES, INC., an Illinois corporation, individually and as the representative of a class of similarly-situated persons, | ) ) ) ) | |
| | ) | Case No. 08 C 1369 |
| Plaintiff, | ) ) | |
| v. | ) ) | Judge Kapala |
| | ) | Magistrate Judge Mahoney |
| AMERICA DIRECT, INC. | ) ) | |
| Defendant. | ) | |

**DEFENDANT, AMERICA DIRECT, INC.'S ANSWER TO
PLAINTIFF'S CLASS ACTION COMPLAINT**

**NOW COMES** Defendant, AMERICA DIRECT, INC., by and through its attorneys,

Eric L. Samore, Molly A. Arranz, and Darren P. Grady of SMITHAMUNDSEN LLC, and for its

answer and affirmative defenses to Plaintiff's Class Action Complaint, states as follows:

**PRELIMINARY STATEMENT**

1.    This case challenges Defendant's practice of faxing unsolicited advertisements.

**ANSWER:**    **Defendant admits that Plaintiff has brought an action against Defendant, but
denies the veracity of the allegations as stated in Paragraph 1 of Plaintiff's
Class Action Complaint.**

2.    The federal Telephone Consumer Protection Act, 47 U.S.C. § 227, prohibits a

person or entity from faxing or having an agent fax advertisements without the recipient's prior

express invitation or permission ("junk faxes" or "unsolicited faxes"). The TCPA provides a

private right of action and provides statutory damages of $500 per violation.

**ANSWER:**    **Defendant states that the allegations of Paragraph 2 of Plaintiff's Class
Action Complaint are legal conclusions to which no answer is required. To
the extent that Paragraph 2 of Plaintiff's Class Action Complaint is deemed
to contain allegations of fact and to the extent that Paragraph 2 contains
misrepresentations of the law, Defendant denies same.**

3.     Unsolicited faxes damage their recipients.  A junk fax recipient loses the use of its fax machine, paper, and ink toner.  An unsolicited fax wastes the recipient's valuable time that would have been spent on something else.  A junk fax interrupts the recipient's privacy. Unsolicited faxes prevent fax machines from receiving authorized faxes, prevent their use for authorized outgoing faxes, cause undue wear and tear on the recipient fax machines, and require additional labor to attempt to discern the source and purpose of the unsolicited message.

**ANSWER:**     **Defendant states that the allegations of Paragraph 3 of Plaintiff's Class Action Complaint are conclusions to which no answer is required.  To the extent that Paragraph 3 of Plaintiff's Class Action Complaint is deemed to contain allegations of fact, Defendant denies same.**

4.     On behalf of itself and all others similarly situated, Plaintiff brings this case as a class action asserting claims against Defendant under the TCPA, the common law of conversion, and the consumer protection statutes forbidding and compensating unfair business practices.

**ANSWER:**     **Defendant states that the allegations of Paragraph 4 of Plaintiff's Class Action Complaint are legal conclusions to which no answer is required.  To the extent that Paragraph 4 of Plaintiff's Class Action Complaint is deemed to contain allegations of fact, Defendant denies same.**

5.     Plaintiff seeks an award of statutory damages for each violation of the TCPA.

**ANSWER:**     **Defendant admits that Plaintiff has brought an action for statutory damages against Defendant, but denies the veracity of the allegations of Paragraph 5 of Plaintiff's Class Action Complaint as alleged therein.**

## JURISDICTION AND VENUE

6.     Jurisdiction is conferred by 735 ILCS 5/2-209 in that Defendant has transacted business and committed tortious acts related to the matters complained of herein.

**ANSWER:**     **Defendant admits that jurisdiction with this Court is appropriate in this matter.  Defendant denies the remaining allegations of Paragraph 6 of Plaintiff's Class Action Complaint as alleged therein.**

7.     Venue is proper in McHenry County pursuant to 735 ILCS 5/2-101, et seq. because

some of the tortious acts complained of occurred in McHenry County, Illinois.

**ANSWER:    Defendant admits venue is proper but denies occurrence of any torts as alleged.**

8.    Federal jurisdiction does not exist because no federal question or claim is asserted and Plaintiffs' [sic] individual claims are worth less than $75,000.00, inclusive of all forms of damages and fees.  Plaintiff expressly disclaims any individual recovery in excess of $75,000.00, inclusive of all forms of damages and fees.

**ANSWER:    Defendant denies the allegations of Paragraph 8 of Plaintiff's Class Action Complaint as alleged therein.**

## PARTIES

9.    Plaintiff is an Illinois corporation with its principal place of business in McHenry County, Illinois.

**ANSWER:    Defendant has insufficient knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 9 of Plaintiff's Class Action Complaint, and therefore, neither admits nor denies such allegations, but demands strict proof thereof.**

10.    On information and belief, Defendant, AMERICA DIRECT, INC., is an Illinois corporation with its principal place of business in Algonquin, Illinois.

**ANSWER:    Defendant admits the allegations of Paragraph 10 of Plaintiff's' Class Action Complaint.**

## FACTS

11.    On or about November, 2007 Defendant faxed an advertisement to Plaintiff.  A copy of the facsimile is attached hereto as Exhibit A.

**ANSWER:    Defendant denies the allegations contained in Paragraph 11 of Plaintiff's Class Action Complaint as alleged therein.**

12.    Plaintiff had not invited or given permission to Defendant to send fax advertisements.

**ANSWER:**    **Defendant denies the allegations contained in Paragraph 12 of Plaintiff's Class Action Complaint as alleged therein.**

13.    On information and belief, Defendant faxed the same and similar advertisements to Plaintiff and more than 39 other recipients without first receiving the recipients' express permission or invitation.

**ANSWER:**    **Defendant denies the allegations contained in Paragraph 13 of Plaintiff's Class Action Complaint as alleged therein.**

14.    There is no reasonable means for Plaintiff (or any other class member) to avoid receiving illegal faxes. Fax machines are left on and ready to receive the urgent communications their owners desire to receive.

**ANSWER:**    **Defendant has insufficient knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 14 of Plaintiff's Class Action Complaint, and therefore, neither admits nor denies such allegations, but demands strict proof thereof.**

**COUNT I**
**TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227**

15.    Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

**ANSWER:**    **Defendant incorporates, by reference, its answers to the preceding Paragraphs of the Answer to Plaintiff's Class Action Complaint, as if fully set forth herein.**

16.    In accordance with 735 ILCS 5/2-801, Plaintiff brings Count I pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227, on behalf of the following class of persons:

> All persons who (1) on or after four years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods, or services by or on behalf of Defendant, and (3) with respect to whom Defendant did not have prior express permission or invitation for the sending of such faxes, and (4) with whom Defendant did not have an established business relationship.

**ANSWER:**    **Defendant admits that Plaintiff has brought an action against Defendant**

**based upon the alleged statute. Defendant denies the remaining allegations contained in Paragraph 16 of Plaintiff's Class Action Complaint as alleged therein.**

17.    A class action is warranted because:

     a.    On information and belief, the class includes forty or more persons and is so numerous that joinder of all members is impracticable;

     b.    There are questions of fact or law common to the class that predominating over questions affecting only individual class members, including without limitation:

        i.    Whether Defendant sent unsolicited fax advertisements;

        ii.    Whether Defendant's facsimiles advertised the commercial availability of property, goods, or services;

        iii.    The manner and method Defendant used to compile or obtain the list of fax numbers to which it sent Exhibit A and other unsolicited faxed advertisements;

        iv.    Whether Defendant faxed advertisements without first obtaining the recipients' express permission or invitation;

        v.    Whether Defendant violated the provisions of 47 U.S.C. § 227;

        vi.    Whether Plaintiff and the other class members are entitled to statutory damages;

        vii.    Whether Defendant should be enjoined from faxing advertisements in the future; and

        viii.    Whether the Court should award trebled damages.

**ANSWER:**    **Defendant denies that a class action is proper in this matter as alleged in Paragraph 17(a)-(b)(i)-(viii), inclusive, of Plaintiff's Class Action Complaint.**

18.    Plaintiff will fairly and adequately protect the interests of the other class

members.  Plaintiff's counsel are experienced in handling class actions and claims involving unsolicited advertising faxes.  Neither Plaintiff nor Plaintiff's counsel has any interests adverse or in conflict with the absent class members.

**ANSWER:**    **Defendant denies the allegations contained in Paragraph 18 of Plaintiff's Class Action Complaint as alleged therein.**

19.    A class action is an appropriate method for adjudicating this controversy fairly and efficiently.  The interest of each individual class member in controlling the prosecution of separate claims is small and individual actions are not economically feasible.

**ANSWER:**    **Defendant denies the allegations contained in Paragraph 19 of Plaintiff's Class Action Complaint as alleged therein.**

20.    The TCPA prohibits the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine ..." 47 U.S.C. § 227(b)(1).

**ANSWER:**    **Defendant states that the allegations contained in Paragraph 20 of Plaintiff's Class Action Complaint are legal conclusions to which no answer is required. To the extent that Paragraph 20 of Plaintiff's Class Action Complaint is deemed to contain allegations of fact, Defendant denies same.**

21.    The TCPA defines "unsolicited advertisement," as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's express invitation or permission." 47 U.S.C. § 227(a)(4).

**ANSWER:**    **Defendant states that the allegations contained in Paragraph 21 of Plaintiff's Class Action Complaint are legal conclusions to which no answer is required. To the extent that Paragraph 21 of Plaintiff's Class Action Complaint is deemed to contain allegations of fact, Defendant denies same.**

22.    The TCPA provides:

3.    <u>Private right of action</u>.  A person may, if otherwise permitted by the laws or rules of court of a state, bring in an appropriate court of that state:

(A)    An action based on a violation of this subsection or the

regulations prescribed under this subsection to enjoin such violation,

(B)     An action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or

(C)     Both such actions.

**ANSWER:     Defendant states that the allegations contained in Paragraph 22 of Plaintiff's Class Action Complaint are legal conclusions to which no answer is required. To the extent that Paragraph 22 of Plaintiff's Class Action Complaint is deemed to contain allegations of fact, Defendant denies same.**

23.     The Court, in its discretion, can treble the statutory damages if the violation was knowing.  47 U.S.C. § 227.

**ANSWER:     Defendant states that the allegations contained in Paragraph 23 of Plaintiff's Class Action Complaint are legal conclusions to which no answer is required. To the extent that Paragraph 23 of Plaintiff's Class Action Complaint is deemed to contain allegations of fact, Defendant denies same.**

24.     Defendant violated the 47 U.S.C. § 227 et seq. by sending advertising faxes (such as Exhibit A) to Plaintiff and the other members of the class without first obtaining their prior express invitation or permission.

**ANSWER:     Defendant denies the allegations contained in Paragraph 24 of Plaintiff's Class Action Complaint as alleged therein.**

25.     The TCPA is a strict liability statute and Defendant is liable to Plaintiff and the other class members even if its actions were only negligent.

**ANSWER:     Defendant denies the allegations contained in Paragraph 25 of Plaintiff's Class Action Complaint as alleged therein.**

26.     Defendant knew or should have known that Plaintiff and the other class members had not given express invitation or permission for Defendant or anybody else to fax advertisements about Defendant's good or services.

**ANSWER:     Defendant denies the allegations contained in Paragraph 26 of Plaintiff's**

**Class Action Complaint as alleged therein.**

27.    Defendant's actions caused damages to Plaintiff and the other class members. Receiving Defendant's junk faxes caused the recipients to lose paper and toner consumed in the printing of Defendant's faxes.    Moreover, Defendant's faxes used Plaintiff's fax machine. Defendant's faxes cost Plaintiff time, as Plaintiff and its employees wasted their time receiving and routing Defendant's illegal faxes.    Finally, Defendant's faxes lawfully interrupted Plaintiff's and the other class members' privacy interests in being left alone.

**ANSWER:**    **Defendant denies the allegations contained in Paragraph 27 of Plaintiff's Class Action Complaint as alleged therein.**

28.    Even if Defendant did not intend to cause damage to Plaintiff and the other class members, did not intend to violate their privacy, and did not intend to waste the recipients' valuable time with Defendant's advertisements, those facts are irrelevant because the TCPA is a strict liability statute.

**ANSWER:**    **Defendant denies the allegations contained in Paragraph 28 of Plaintiff's Class Action Complaint as alleged therein.**

**WHEREFORE**, Defendant, AMERICA DIRECT, INC., respectfully requests: that judgment be entered in its favor and against Plaintiff with costs assessed against Plaintiff; and, that the Court award Defendant attorneys' fees and costs pursuant to FED. R. CIV. PRO. 11.

## COUNT II—CONVERSION

Contemporaneous herewith, Defendant has moved for dismissal of Count II and, therefore, no answer is required or provided hereto.

## COUNT III—ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT 815 ILCS 505/2

Contemporaneous herewith, Defendant has moved for dismissal of Count III and, therefore, no answer is required or provided hereto.

## AFFIRMATIVE DEFENSES

**NOW COMES** the Defendant, AMERICA DIRECT, INC., by and through its attorneys, Eric L. Samore, Molly A. Arranz, and Darren P. Grady of SMITHAMUNDSEN LLC, and for its Affirmative Defenses to the Plaintiff's Class Action Complaint, states as follows:

### FIRST AFFIRMATIVE DEFENSE

1.    In its Class Action Complaint, Plaintiff has failed to state a claim upon which relief may be granted against the defendant.

### SECOND AFFIRMATIVE DEFENSE

2.    Plaintiff had consented and provided prior express invitation or permission for receiving information from Defendant.

### THIRD AFFIRMATIVE DEFENSE

3.    As applied in this matter, the TCPA violates the Excessive Fines Clause of the Eighth Amendment of the United States Constitution.

### FOURTH AFFIRMATIVE DEFENSE

4.    The Plaintiff is estopped from bringing this lawsuit.

### FIFTH AFFIRMATIVE DEFENSE

5.    Plaintiff's claims for damages are barred by the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution, and any applicable State Constitutions.

### SIXTH AFFIRMATIVE DEFENSE

6.    With respect to Plaintiff's claims for damages, Defendant incorporates by reference all limitations on damage awards which arose in the decisions of *BMW of North*

*America v. Gore*, 116 US 1589 (1996) and *State Farm Mutual Automobile Insurance Co. v. Campbell*, 537 US 1042 (2003).

## SEVENTH AFFIRMATIVE DEFENSE

7.      Defendant hereby gives notice that it intends to rely upon such other and further affirmative defenses and counterclaims as may become available or apparent and hereby reserves its right to amend its Answer to assert such defenses or claims.

**WHEREFORE**, Defendant, AMERICA DIRECT, INC., respectfully requests: that this Court enter an Order dismissing Plaintiff's claims, with prejudice, with costs assessed against Plaintiff; and, that the Court award Defendant attorneys' fees and costs pursuant to FED. R. CIV. PRO. 11.

DEFENDANT RESPECTFULLY REQUESTS A TRIAL BY JURY.

Respectfully submitted,

By:        /s/ Molly A. Arranz
           Attorneys for Defendant
           AMERICA DIRECT, INC.

Eric L. Samore, ARDC # 6181345
Molly A. Arranz, ARDC # 6281122
Darren P. Grady ARDC # 6289608
SmithAmundsen
150 N. Michigan Avenue, Suite 3300
Chicago, Illinois 60601
(312) 894-3200

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 14th day of March 2008, she served the Defendant, America Direct, Inc.'s **Answer to Plaintiff's Class Action Complaint** on:

Brian J. Wanca
Ryan M. Kelly
Anderson & Wanca
3701 Algonquin Road, Suite 760
Rolling Meadows, IL 60008

Phillip A. Bock
Bock & Hatch LLC
134 N. LaSalle Street, Suite 1000
Chicago, IL 60602

This pleading was served upon the attorneys, as listed above, pursuant to the Northern District of Illinois General Order on Electronic Case Filing.

[x]    Pursuant to 28 USC Section 1746(2), I certify under penalty of perjury that the foregoing is true and correct. Executed on: March 14, 2008.


_____    Molly A. Arranz    _____

Eric L. Samore, ARDC # 6181345
Molly A. Arranz, ARDC # 6281122
Darren P. Grady ARDC # 6289608
SMITH AMUNDSEN LLC
150 N. Michigan Avenue, Suite 3300
Chicago, Illinois 60601
(312) 894-3200
COUNSEL FOR AMERICA DIRECT, INC.