UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| JT's FRAMES, INC., an Illinois corporation, individually and as the representative of a class of similarly-situated persons,<br><br>　　　　　　　　Plaintiff,<br>v.<br><br>AMERICA DIRECT, INC.<br><br>　　　　　　　　Defendant. | Case No. 08-1369<br><br>Judge Kapala<br>Magistrate Judge Mahoney |

### DEFENDANT, AMERICA DIRECT, INC.'S MOTION TO DISMISS COUNTS II AND III PURSUANT TO RULE 12(b)(6)

**NOW COMES** Defendant, AMERICA DIRECT, INC., by and through its attorneys, Eric L. Samore, Molly A. Arranz, and Darren P. Grady of SMITHAMUNDSEN LLC, and moves this court to dismiss Counts II and III of Plaintiff' Class Action Complaint pursuant to FED. R. CIV. PRO. 12(b). In support of its Motion to Dismiss, Defendant states as follows:

**I.　STATEMENT OF THE CASE.**

Plaintiff, JT's Frames, Inc. (hereinafter "Plaintiff" or "JT's Frames"), brings an action alleging: a violation of the Telephone Consumer Protection Act of 1991, 27 U.S.C. §227, *et seq.* ("TCPA"); conversion; and, a violation of the Illinois Consumer Fraud Act, 815 ILCS 505/2 ("ICFA"). (Pl.'s Compl. is attached hereto as **Exhibit A**.) Defendant removed this action from the state court and has filed its Answer and Affirmative Defenses to Count I (alleging a violation of TCPA) contemporaneously herewith.

Defendant now moves for dismissal of Counts II and III of Plaintiff's Complaint because:

(1)　In Count II, Plaintiff fails to state a claim for conversion because the tort of conversion was intended to remedy the taking or complete destruction of tangible property and does not apply to purported fax transmissions; and,

 (2) In Count III, Plaintiff alleges a violation of the Illinois Consumer Fraud Act but this claim fails to allege conduct that is unfair or deceptive.

Due to the deficiencies in these allegations, dismissal of the conversion and ICFA claims is proper.

## II. COUNT II SHOULD BE DISMISSED FOR FAILURE TO ALLEGE A CAUSE OF ACTION FOR CONVERSION.

In this case, premised upon the purported, unsolicited faxing of one, one-page document to the Plaintiff, it would "impermissibly warp the concept of 'conversion' if that label were to be attached to [Plaintiff's] property (ink, toner and paper) that never came into [Defendant's] possession at all." *Rossario's Fine Jewelry, Inc. v. Paddock Publ'ns, Inc.*, 443 F. Supp. 2d 976, 980 (N.D. Ill. 2006). Such a claim of "conversion" of "paper and ink or toner" based upon the alleged receipt of one, one-page facsimile fails because Defendant did not unlawfully hold possession of Plaintiff's property and did not assume "'control, dominion or ownership over the property.'" *Id.* (citation omitted.) Therefore, dismissal of the conversion claim is appropriate.

In order to state a claim for conversion, Plaintiff must allege: 1) the Defendant's unauthorized and wrongful act of control, dominion or ownership over the Plaintiff's personal property; 2) the Plaintiff's right in the property; 3) the Plaintiff's right to immediate possession of the property, absolutely and unconditionally; and, 4) the Plaintiff's demand for possession of the property. *Roderick Dev. Inv. Co. v. Cmty. Bank of Edgewater*, 282 Ill. App. 3d 1052, 668 N.E.2d 1129 (1st Dist. 1996). That Plaintiff's conversion claim is without merit is obvious from simply analyzing the first requirement of stating a conversion claim: that Defendant engaged in an unauthorized and wrongful act of control, dominion or ownership over the Plaintiff's personal property. *Id.*[1]

---

[1] Defendant also avers that Plaintiff's conversion claim fails to meet the other pleading requirements for conversion; however, analysis of this first prong required for a conversion claim—alone—demonstrates the deficiency.

The essence of Plaintiff's conversion claim is that Defendant—by the purported sending to Plaintiff of a one-page fax—"misappropriated the class members' fax machines, toner, paper and employee time." (**Exhibit A**, ¶ 36.) However, the Northern District of Illinois has previously found that in cases such as this, where the alleged property, including ink, toner, and paper, never comes into Defendant's possession and is, therefore, never unlawfully held by Defendant, there is no control, dominion or ownership exercised by Defendant over the property. *Rossario's Fine Jewelry, Inc.*, 443 F. Supp. 2d at 980. Only by improperly "stretching [conversion] language beyond its normal meaning" could the alleged facts show conversion. *Id.* In other words, in the binding legal precedent of *Rossario's Fine Jewelry, Inc.*, the Northern District has found that the mere receipt and printing of a fax transmission does not constitute the type of control or dominion over property contemplated by the tort of conversion; it does not entail the taking or complete destruction of property. *Id.*

The matter at hand involves the exact same allegations of fact and law that the Northern District of Illinois considered in *Rossario's Fine Jewelry, Inc.*, in which the Court dismissed the conversion claim. Therefore, dismissal of Count II is proper given this clear, legal precedent.

**III.　COUNT III FAILS TO STATE A CLAIM UNDER ICFA BECAUSE DEFENDANT HAS NOT ENGAGED IN A DECEPTIVE ACT OR UNFAIR PRACTICE; AND, THERE HAS BEEN NO SUBSTANTIAL INJURY OR INTERRUPTION OF BUSINESS.**

Plaintiff makes the conclusory assertion that Defendant has engaged in an unfair practice—in violation of the Illinois Consumer Fraud Act—via the sending of a purportedly unsolicited fax to Plaintiff. (*See* **Exhibit A**, ¶ 42.) Such contention is insufficient to state a cause of action under ICFA, and therefore, requires dismissal.

To state a cause of action for an ICFA violation, Plaintiff must allege: (1) Defendant engaged in a deceptive act or unfair practice; (2) Defendant intended for Plaintiff to rely on the

deception or unfair practice; and, (3) the unfair or deceptive act occurred during a course of conduct involving trade or commerce. *Robinson v. Toyota Motor Credit Corp.*, 201 Ill. 2d 403, 417, 775 N.E.2d 951, 960 (2002). ICFA requires "that the complained-of action be 'unfair'" and that the Plaintiff's complained-of injury constitute "'significant harm.'" *Rossario's Fine Jewelry, Inc.*, 443 F. Supp. 2d at 978; *W. Ry. Devices, Corp. v. Lusida Rubber Prods.*, No. 06 C 0052, 2006 U.S. Dist. LEXIS 43867, at *16 (N.D. Ill. June 13, 2006)(citing *Kim v. Sussman*, No. 03 CH 07663, 2004 WL 3135348 at *3 (Ill. Cir. Ct. Oct. 19, 2004))[2]. Plaintiff has not pled such an action. Plaintiff simply alleges that Defendant's "misconduct" or "fax practice" caused damages in the form of paper, toner, ink, "use" of fax machines, and employee time. (*See* **Exhibit A, ¶¶ 46, 48.**)

Plaintiff's ICFA claim does not satisfy the three-prong test of *Robinson*. In particular, Plaintiff's assertion of an action or practice that is purportedly "unfair" does not allege the level of conduct expressly required by the statute; indeed, the alleged sending of a one-page facsimile is an action that falls far outside behavior regulated by ICFA. *See Rossario's Fine Jewelry, Inc.*, 443 F. Supp. 2d at 979. In other words, Plaintiff cannot state or prove that the purported transmission of one, one-page facsimile advertisement constitutes "unfair conduct." To constitute conduct that is unfair, under ICFA, Defendant's conduct must: (1) violate public policy; (2) be immoral, unethical, oppressive, or unscrupulous; and, (3) substantially injure the Plaintiff. *Robinson*, 201 Ill. 2d at 417-18.

Plaintiff has not met its pleading burden of alleging specific and adequate facts to demonstrate unfair or deceptive practices on the part of Defendant. The "pejorative 'unfair practice' label" applied by the Plaintiff to the facts and circumstances of this case—wherein the

---

[2] ICFA states: "[a]ny person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person." 815 ILCS 505/10a.

allegations involve, only, the purported faxing of a one page document to Plaintiff—fails because these facts do not state a cause of action under ICFA. *See Rossario's Fine Jewelry, Inc.*, 443 F. Supp. 2d at 979. Under ICFA and the *Robinson* analysis, Plaintiff's receipt of a one-page facsimile does not rise to the required level of oppressiveness. *See id.* (finding the "public policy" consideration of *Robinson* can be met while the other two factors of *Robinson* heavily outweigh consideration of that one element and are patently inapplicable in cases involving a one-page fax advertisement.)

Furthermore, Plaintiff has not alleged "substantial" injury to itself. Defendant's purported transmission of one page worth of text clearly does not constitute the substantial injury requirement of ICFA according to *Western Railway Devices, Corp.* and *Robinson*. A "practice causes substantial injury to consumers if it causes significant harm to the plaintiff;" however, the "cost of receiving and printing a single page facsimile advertisement cannot be characterized as 'significant harm.'" *W. Ry. Devices, Corp.*, 2006 U.S. Dist. LEXIS 43867 at *16. Additionally, to state a claim under ICFA, Plaintiff must allege and show that the Defendant's violation of ICFA proximately caused "actual damage," which must also be "substantial." *See W. Ry. Devices, Corp.*, 2006 U.S. Dist. LEXIS 43867, at *17. Even without quantifying the amount of alleged damage, Plaintiff's receipt of a one-page fax could only be trivial, costing not more than a few pennies. Furthermore, Plaintiff cannot claim "substantial injury" based upon claims of sending class-wide faxes because when a putative class representative has no valid claim in its own right, it cannot bring such a claim on behalf of a putative class. *W. Ry. Devices, Corp.*, 2006 U.S. Dist. LEXIS 43867 at *17 (citing *Bunting v. Progressive Corp.*, 348 Ill. App. 3d 575, 581, 809 N.E.2d 225 (1st Dist. 2004)).

Case No. 08 C 1369                                                                Firm No. 3006634

In addition, there is no allegation—indeed no evidence to support such an allegation exists—for stating an interruption of business. If anything, there was a minimal disruption of Plaintiff's business, a minimal intrusion into Plaintiff's use of time and a negligible use of Plaintiff's paper and toner. Defendant's purported conduct does not rise to the level of oppression required to bring a cause of action under ICFA. Also, there are no allegations of significant loss of use of its facsimile machine, unavailability of the machine to receive an important message, or lost profits due to business disruption.

In essence, Plaintiff has failed to state a claim under ICFA because it has not alleged sufficient facts to show that a purported transmission of one page of text via facsimile was an unfair or deceptive practice that caused a substantial injury or interruption of business as contemplated by the ICFA. This claim fails as it is built on conclusory and deficient allegations.

**WHEREFORE**, Defendant, AMERICA DIRECT, INC., respectfully prays that this Honorable Court grant its Motion to Dismiss Counts II and III of Plaintiff's Class Action Complaint, award Defendant its costs herein expended, and such other and further relief as this Court deems just and proper.

                                                    Respectfully submitted,


                                        By:     /s/ Molly A. Arranz
                                                Attorneys for Defendant
                                                AMERICA DIRECT, INC.

Eric L. Samore, ARDC # 6181345
Molly A. Arranz, ARDC # 6281122
Darren P. Grady ARDC # 6289608
SmithAmundsen
150 N. Michigan Avenue, Suite 3300
Chicago, Illinois 60601
(312) 894-3200