## **LIST OF EXHIBITS**

**Exhibit A**    Plaintiff's Class Action Complaint.

**Exhibit B**    Defendant's Answer and Affirmative Defenses

**Exhibit C**    Affidavit of Mandy J. Schneider

# EXHIBIT A

**IN THE CIRCUIT COURT OF THE 22ND JUDICIAL CIRCUIT**
**MCHENRY COUNTY, ILLINOIS**

FILED

FEB 07 2008

VERNON W. KAYS, JR.
McHENRY CTY. CIR. CLK

JT'S FRAMES, INC., an Illinois corporation,    )
individually and as the representative of a        )
class of similarly-situated persons,                )          08CH238
                                                                      )
                              Plaintiff,               )
                                                                      )
               v.                                                 )
                                                                      )
AMERICA DIRECT, INC.,                           )
                                                                      )
                              Defendant.            )

### CLASS ACTION COMPLAINT

Plaintiff, JT'S FRAMES, INC. ("Plaintiff"), brings this action on behalf of itself and all

other persons similarly situated, through its attorneys, and except as to those allegations

pertaining to Plaintiff or its attorneys, which allegations are based upon personal knowledge,

alleges the following upon information and belief against Defendant, AMERICA DIRECT, INC.

("Defendant"):

### PRELIMINARY STATEMENT

1.      This case challenges Defendant's practice of faxing unsolicited advertisements.

2.      The federal Telephone Consumer Protection Act, 47 USC § 227, prohibits a

person or entity from faxing or having an agent fax advertisements without the recipient's prior

express invitation or permission ("junk faxes" or "unsolicited faxes"). The TCPA provides a

private right of action and provides statutory damages of $500 per violation.

3.      Unsolicited faxes damage their recipients. A junk fax recipient loses the use of its

fax machine, paper, and ink toner. An unsolicited fax wastes the recipient's valuable time that

would have been spent on something else. A junk fax interrupts the recipient's privacy.

Unsolicited faxes prevent fax machines from receiving authorized faxes, prevent their use for

NOTICE
BY LOCAL RULE 3.10
THIS CASE IS HEREBY SET FOR SCHEDULING
CONFERENCE IN COURTROOM _____204_____ ON
___6-19___ 20_08_, AT _9:00_ AM PM
FAILURE TO APPEAR MAY RESULT IN THE CASE
BEING DISMISSED OR AN ORDER OF
DEFAULT BEING ENTERED.

authorized outgoing faxes, cause undue wear and tear on the recipients' fax machines, and require additional labor to attempt to discern the source and purpose of the unsolicited message.

4.    On behalf of itself and all others similarly situated, Plaintiff brings this case as a class action asserting claims against Defendant under the TCPA, the common law of conversion, and the consumer protection statutes forbidding and compensating unfair business practices.

5.    Plaintiff seeks an award of statutory damages for each violation of the TCPA.

### JURISDICTION AND VENUE

6.    Jurisdiction is conferred by 735 ILCS 5/2-209 in that Defendant has transacted business and committed tortious acts related to the matters complained of herein.

7.    Venue is proper in McHenry County pursuant to 735 ILCS 5/2-101, et seq. because some of the tortious acts complained of occurred in McHenry County, Illinois.

8.    Federal jurisdiction does not exist because no federal question or claim is asserted and Plaintiffs' individual claims are worth less than $75,000.00, inclusive of all forms of damages and fees. Plaintiff expressly disclaims any individual recovery in excess of $75,000.00, inclusive of all forms of damages and fees.

### PARTIES

9.    Plaintiff is an Illinois corporation with its principal place of business in McHenry County, Illinois.

10.    On information and belief, Defendant, AMERICA DIRECT, INC., is an Illinois corporation with its principal place of business in Algonquin, Illinois.

### FACTS

11.    On or about November, 2007 Defendant faxed an advertisement to Plaintiff. A copy of the facsimile is attached hereto as Exhibit A.

2

12.   Plaintiff had not invited or given permission to Defendant to send fax advertisements.

13.   On information and belief, Defendant faxed the same and similar advertisements to Plaintiff and more than 39 other recipients without first receiving the recipients' express permission or invitation.

14.   There is no reasonable means for Plaintiff (or any other class member) to avoid receiving illegal faxes. Fax machines are left on and ready to receive the urgent communications their owners desire to receive.

## COUNT I
## TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227

15.   Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

16.   In accordance with 735 ILCS 5/2-801, Plaintiff brings Count I pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227, on behalf of the following class of persons:

> All persons who (1) on or after four years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods, or services by or on behalf of Defendant, (3) with respect to whom Defendant did not have prior express permission or invitation for the sending of such faxes, and (4) with whom Defendant did not have an established business relationship.

17.   A class action is warranted because:

(a)   On information and belief, the class includes forty or more persons and is so numerous that joinder of all members is impracticable.

(b)   There are questions of fact or law common to the class predominating over questions affecting only individual class members, including without limitation:

(i)   Whether Defendant sent unsolicited fax advertisements;

3

      (ii)    Whether Defendant's facsimiles advertised the commercial availability of property, goods, or services;

      (iii)    The manner and method Defendant used to compile or obtain the list of fax numbers to which it sent Exhibit A and other unsolicited faxed advertisements;

      (iv)    Whether Defendant faxed advertisements without first obtaining the recipients' express permission or invitation;

      (v)    Whether Defendant violated the provisions of 47 USC § 227;

      (vi)    Whether Plaintiff and the other class members are entitled to statutory damages;

      (vii)    Whether Defendant should be enjoined from faxing advertisements in the future; and

      (viii)    Whether the Court should award trebled damages.

18.    Plaintiff will fairly and adequately protect the interests of the other class members. Plaintiff's counsel are experienced in handling class actions and claims involving unsolicited advertising faxes. Neither Plaintiff nor Plaintiff's counsel has any interests adverse or in conflict with the absent class members.

19.    A class action is an appropriate method for adjudicating this controversy fairly and efficiently. The interest of each individual class member in controlling the prosecution of separate claims is small and individual actions are not economically feasible.

20.    The TCPA prohibits the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine...." 47 U.S.C. § 227(b)(1).

4

21.    The TCPA defines "unsolicited advertisement," as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's express invitation or permission." 47 U.S.C. § 227(a)(4).

22.    The TCPA provides:

3.    Private right of action. A person may, if otherwise permitted by the laws or rules of court of a state, bring in an appropriate court of that state:

(A)    An action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,

(B)    An action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or

(C)    Both such actions.

23.    The Court, in its discretion, can treble the statutory damages if the violation was knowing. 47 U.S.C. § 227.

24.    Defendant violated the 47 U.S.C. § 227 et seq. by sending advertising faxes (such as Exhibit A) to Plaintiff and the other members of the class without first obtaining their prior express invitation or permission.

25.    The TCPA is a strict liability statute and Defendant is liable to Plaintiff and the other class members even if its actions were only negligent.

26.    Defendant knew or should have known that Plaintiff and the other class members had not given express invitation or permission for Defendant or anybody else to fax advertisements about Defendant's goods or services.

27.    Defendant's actions caused damages to Plaintiff and the other class members. Receiving Defendant's junk faxes caused the recipients to lose paper and toner consumed in the

5

printing of Defendant's faxes. Moreover, Defendant's faxes used Plaintiff's fax machine. Defendant's faxes cost Plaintiff time, as Plaintiff and its employees wasted their time receiving, reviewing and routing Defendant's illegal faxes. That time otherwise would have been spent on Plaintiff's business activities. Finally, Defendant's faxes unlawfully interrupted Plaintiff's and the other class members' privacy interests in being left alone.

28.     Even if Defendant did not intend to cause damage to Plaintiff and the other class members, did not intend to violate their privacy, and did not intend to waste the recipients' valuable time with Defendant's advertisements, those facts are irrelevant because the TCPA is a strict liability statute.

WHEREFORE, Plaintiff, JT'S FRAMES, INC., individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendant, AMERICA DIRECT, INC., as follows:

A.     That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the class, and appoint Plaintiff's counsel as counsel for the class;

B.     That the Court award $500.00 in damages for each violation of the TCPA;

C.     That the Court enter an injunction prohibiting Defendant from engaging in the statutory violations at issue in this action; and

D.     That the Court award costs and such further relief as the Court may deem just and proper, but in any event, not more than $75,000.00 per individual, inclusive of all damages and fees.

## COUNT II
## CONVERSION

29.     Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

6

30.     In accordance with 735 ILCS 5/2-801, Plaintiff brings Count II for conversion under the common law for the following class of persons:

> All persons (1) who on or after a date five years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods or services by or on behalf of Defendant, (3) with respect to whom Defendant did not have prior express permission or invitation for the sending of such faxes, and (4) with whom Defendant did not have an established business relationship.

31.     A class action is proper in that:

(a)     On information and belief the class consists of forty or more persons and is so numerous that joinder of all members is impracticable.

(b)     There are questions of fact or law common to the class predominating over all questions affecting only individual class members, including:

(i)     Whether Defendant engaged in a pattern of sending unsolicited fax advertisements;

(ii)    The manner and method Defendant used to compile or obtain the list of fax numbers to which it sent Exhibit A and other unsolicited faxed advertisements; and

(iii)   Whether Defendant committed the tort of conversion.

32.     Plaintiff will fairly and adequately protect the interests of the other class members. Plaintiff has retained counsel who is experienced in handling class actions and claims involving unlawful business practices. Neither Plaintiff nor Plaintiff's counsel have any interests adverse or in conflict with the class.

7

33.    A class action is an appropriate method for adjudicating this controversy fairly and efficiently. The interest of the individual class members in individually controlling the prosecution of separate claims is small and individual actions are not economically feasible.

34.    By sending Plaintiff and the other class members unsolicited faxes, Defendant improperly and unlawfully converted their fax machines, toner and paper to its own use. Defendant also converted Plaintiff's employees' time to Defendant's own use.

35.    Immediately prior to the sending of the unsolicited faxes, Plaintiff and the other class members owned an unqualified and immediate right to possession of their fax machines, paper, toner, and employee time.

36.    By sending the unsolicited faxes, Defendant permanently misappropriated the class members' fax machines, toner, paper, and employee time to Defendant's own use. Such misappropriation was wrongful and without authorization.

37.    Defendant knew or should have known that its misappropriation of paper, toner, and employee time was wrongful and without authorization.

38.    Plaintiff and the other class members were deprived of the use of their fax machines, paper, toner, and employee time, which could no longer be used for any other purpose. Plaintiff and each class member thereby suffered damages as a result of their receipt of unsolicited fax advertisements from Defendant.

39.    Each of Defendant's unsolicited fax advertisements effectively stole Plaintiff's employees' time because multiple persons employed by Plaintiff were involved in receiving, routing, and reviewing Defendant's illegal faxes. Defendant knew or should have known employees' time is valuable to Plaintiff.

8

40.    Defendant's actions caused damages to Plaintiff and the other members of the class because their receipt of Defendant's unsolicited fax advertisements caused them to lose paper and toner as a result. Defendant's actions prevented Plaintiff's fax machines from being used for Plaintiff's business purposes during the time Defendant was using Plaintiff's fax machines for Defendant's illegal purpose. Defendant's actions also cost Plaintiff employee time, as Plaintiff's employees used their time receiving, routing, and reviewing Defendant's illegal faxes, and that time otherwise would have been spent on Plaintiff's business activities.

WHEREFORE, Plaintiff, JT'S FRAMES, INC., individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendant, AMERICA DIRECT, INC., as follows:

A.    That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the class, and appoint Plaintiff' counsel as counsel for the class;

B.    That the Court award appropriate damages;

C.    That the Court award costs of suit; and

D.    Awarding such further relief as the Court may deem just and proper, but in any event, not more than $75,000.00 to any individual class member.

## COUNT III
## ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT
## 815 ILCS 505/2

41.    Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

42.    In accordance with 735 ILCS 5/2-801, Plaintiff, on behalf of the following class of persons, brings Count III for Defendant's unfair practice of sending unsolicited and unlawful fax advertisements:

9

All persons in Illinois who (1) on or after a date three years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods, or services by or on behalf of Defendant, (3) with respect to whom Defendant did not have prior express permission or invitation for the sending of such faxes, and (4) with whom Defendant did not have an established business relationship.

43.    A class action is proper in that:

(a)    On information and belief the class consists of thousands of persons in Illinois and throughout the United States and is so numerous that joinder of all members is impracticable.

(b)    There are questions of fact or law common to the class predominating over all questions affecting only individual class members including:

(i)    Whether Defendant engaged in a pattern of sending unsolicited fax advertisements;

(ii)    The manner and method Defendant used to compile or obtain the list of fax numbers to which it sent Exhibit A and other unsolicited faxed advertisements;

(iii)    Whether Defendant's practice of sending unsolicited faxed advertisements violates Illinois public policy;

(iv)    Whether Defendant's practice of sending unsolicited faxes is an unfair practice under the Consumer Fraud Act; and

(v)    Whether Defendant should be enjoined from sending unsolicited fax advertising in the future.

44.    Plaintiff will fairly and adequately protect the interests of the other class members. Plaintiff has retained counsel who are experienced in handling class actions and

10

claims involving lawful business practices. Neither Plaintiff nor Plaintiff's counsel have any interests adverse or in conflict with the class.

45.    A class action is an appropriate method for adjudicating this controversy fairly and efficiently. The interest of the individual class members in individually controlling the prosecution of separate claims is small and individual actions are not economically feasible.

46.    Defendant's unsolicited fax practice is an unfair practice, because it violates public policy, and because it forced Plaintiff and the other class members to incur expense without any consideration in return. Defendant's practice effectively forced Plaintiff and the other class members to pay for Defendant's advertising campaign.

47.    Defendant violated the unfairness predicate of the Act by engaging in an unscrupulous business practice and by violating Illinois statutory public policy, which public policy violations in the aggregate caused substantial injury to hundreds of persons.

48.    Defendant's misconduct caused damages to Plaintiff and the other members of the class, including the loss of paper, toner, ink, use of their facsimile machines, and use of their employees' time.

49.    Defendant's actions caused damages to Plaintiff and the other class members because their receipt of Defendant's unsolicited fax advertisements caused them to lose paper and toner consumed as a result. Defendant's actions prevented Plaintiff's fax machine from being used for Plaintiff's business purposes during the time Defendant was using Plaintiff's fax machine for Defendant's illegal purpose. Defendant's actions also cost Plaintiff employee time, as Plaintiff's employees used their time receiving, routing, and reviewing Defendant's illegal faxes and that time otherwise would have been spent on Plaintiff's business activities.

WHEREFORE, Plaintiff, JT'S FRAMES, INC., individually and on behalf of all others similarly situated, demands judgment in their favor and against Defendant, AMERICA DIRECT, INC., as follows:

A.     That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the class representative, and appoint Plaintiff's counsel as counsel for the class;

B.     That the Court award damages to Plaintiff and the other class members;

C.     That the Court award attorney fees and costs;

D.     That the Court enter an injunction prohibiting Defendant from sending unsolicited faxed advertisements to Illinois consumers; and

E.     Awarding such further relief as the Court may deem just and proper, but in any event, not more than $75,000.00 to any individual member.

Respectfully submitted,

JT'S FRAMES, INC., individually and as the representative of a class of similarly-situated persons

By: _____

One of Plaintiff's Attorneys

Brian J. Wanca
ANDERSON + WANCA
3701 Algonquin Road, Suite 760
Rolling Meadows, IL 60008
Telephone: 847/368-1500
Attorney No. 3126474

Phillip A. Bock (#6224502)
BOCK & HATCH, LLC
134 N. La Salle St., Suite 1000
Chicago, IL 60602
Telephone: 312/658-5500

12

**EXHIBIT A**

# Are you receiving the best postage rate for your direct mail campaign?





## NOT SURE?

### Customized Services
*Direct Mail Piece Design - Ink Jet Addressing - Customer List Targeting*
*Mailing List Procurement - Tabbing - Inserting - Sealing - Folding*
*Laser Letter Personalization - List Hygiene - Fulfillment - Postage Discounts*

## CALL NOW
### 847-854-9000
to find out & receive a
FREE! NO STRINGS ATTACHED!

# $25 GIFT CARD

Starbucks - Home Depot - Panera Bread
LIMITED QUANTITY AVAILABLE- OFFER EXPIRES 11/30/2007

*These offers are for businesses that are currently doing direct mail campaigns, or those who are new to direct mail and are interested in a consultation. For those responding to the postage verification, ADI will need to attain some basic information. One postage verification/gift card per business. First time customers only.



**DREAMING OF HOW EASY DIRECT MAIL CAN BE**

**WAKE UP**
and call us for a consultation
and receive a free $25 gift card!*

# A M E R I C A

Your partner in direct mail....

1320 Chase Street, Suite 3 • Algonquin, IL 60102-9668 • P: 847.854.9000 • F: 847.854.9003 • www.americadirect.us

# EXHIBIT B

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| JT's FRAMES, INC., an Illinois corporation, individually and as the representative of a class of similarly-situated persons, | ) ) ) ) | |
| Plaintiff, | ) ) | Case No.  08 C 1369 |
| v. | ) ) | Judge Kapala |
| AMERICA DIRECT, INC. | ) ) | Magistrate Judge Mahoney |
| Defendant. | ) ) ) | |

## DEFENDANT, AMERICA DIRECT, INC.'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT

**NOW COMES** Defendant, AMERICA DIRECT, INC., by and through its attorneys, Eric L. Samore, Molly A. Arranz, and Darren P. Grady of SMITHAMUNDSEN LLC, and for its answer and affirmative defenses to Plaintiff's Class Action Complaint, states as follows:

### PRELIMINARY STATEMENT

1.    This case challenges Defendant's practice of faxing unsolicited advertisements.

**ANSWER:**    **Defendant admits that Plaintiff has brought an action against Defendant, but denies the veracity of the allegations as stated in Paragraph 1 of Plaintiff's Class Action Complaint.**

2.    The federal Telephone Consumer Protection Act, 47 U.S.C. § 227, prohibits a person or entity from faxing or having an agent fax advertisements without the recipient's prior express invitation or permission ("junk faxes" or "unsolicited faxes").  The TCPA provides a private right of action and provides statutory damages of $500 per violation.

**ANSWER:**    **Defendant states that the allegations of Paragraph 2 of Plaintiff's Class Action Complaint are legal conclusions to which no answer is required.  To the extent that Paragraph 2 of Plaintiff's Class Action Complaint is deemed to contain allegations of fact and to the extent that Paragraph 2 contains misrepresentations of the law, Defendant denies same.**

3.    Unsolicited faxes damage their recipients. A junk fax recipient loses the use of its fax machine, paper, and ink toner. An unsolicited fax wastes the recipient's valuable time that would have been spent on something else. A junk fax interrupts the recipient's privacy. Unsolicited faxes prevent fax machines from receiving authorized faxes, prevent their use for authorized outgoing faxes, cause undue wear and tear on the recipient fax machines, and require additional labor to attempt to discern the source and purpose of the unsolicited message.

**ANSWER:**    **Defendant states that the allegations of Paragraph 3 of Plaintiff's Class Action Complaint are conclusions to which no answer is required. To the extent that Paragraph 3 of Plaintiff's Class Action Complaint is deemed to contain allegations of fact, Defendant denies same.**

4.    On behalf of itself and all others similarly situated, Plaintiff brings this case as a class action asserting claims against Defendant under the TCPA, the common law of conversion, and the consumer protection statutes forbidding and compensating unfair business practices.

**ANSWER:**    **Defendant states that the allegations of Paragraph 4 of Plaintiff's Class Action Complaint are legal conclusions to which no answer is required. To the extent that Paragraph 4 of Plaintiff's Class Action Complaint is deemed to contain allegations of fact, Defendant denies same.**

5.    Plaintiff seeks an award of statutory damages for each violation of the TCPA.

**ANSWER:**    **Defendant admits that Plaintiff has brought an action for statutory damages against Defendant, but denies the veracity of the allegations of Paragraph 5 of Plaintiff's Class Action Complaint as alleged therein.**

## JURISDICTION AND VENUE

6.    Jurisdiction is conferred by 735 ILCS 5/2-209 in that Defendant has transacted business and committed tortious acts related to the matters complained of herein.

**ANSWER:**    **Defendant admits that jurisdiction with this Court is appropriate in this matter. Defendant denies the remaining allegations of Paragraph 6 of Plaintiff's Class Action Complaint as alleged therein.**

7.    Venue is proper in McHenry County pursuant to 735 ILCS 5/2-101, et seq. because

some of the tortious acts complained of occurred in McHenry County, Illinois.

**ANSWER:**     **Defendant admits venue is proper but denies occurrence of any torts as alleged.**

8.     Federal jurisdiction does not exist because no federal question or claim is asserted and Plaintiffs' [sic] individual claims are worth less than $75,000.00, inclusive of all forms of damages and fees. Plaintiff expressly disclaims any individual recovery in excess of $75,000.00, inclusive of all forms of damages and fees.

**ANSWER:**     **Defendant denies the allegations of Paragraph 8 of Plaintiff's Class Action Complaint as alleged therein.**

## PARTIES

9.     Plaintiff is an Illinois corporation with its principal place of business in McHenry County, Illinois.

**ANSWER:**     **Defendant has insufficient knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 9 of Plaintiff's Class Action Complaint, and therefore, neither admits nor denies such allegations, but demands strict proof thereof.**

10.     On information and belief, Defendant, AMERICA DIRECT, INC., is an Illinois corporation with its principal place of business in Algonquin, Illinois.

**ANSWER:**     **Defendant admits the allegations of Paragraph 10 of Plaintiff's' Class Action Complaint.**

## FACTS

11.     On or about November, 2007 Defendant faxed an advertisement to Plaintiff. A copy of the facsimile is attached hereto as Exhibit A.

**ANSWER:**     **Defendant denies the allegations contained in Paragraph 11 of Plaintiff's Class Action Complaint as alleged therein.**

12.     Plaintiff had not invited or given permission to Defendant to send fax advertisements.

ANSWER:    **Defendant denies the allegations contained in Paragraph 12 of Plaintiff's Class Action Complaint as alleged therein.**

13.    On information and belief, Defendant faxed the same and similar advertisements to Plaintiff and more than 39 other recipients without first receiving the recipients' express permission or invitation.

ANSWER:    **Defendant denies the allegations contained in Paragraph 13 of Plaintiff's Class Action Complaint as alleged therein.**

14.    There is no reasonable means for Plaintiff (or any other class member) to avoid receiving illegal faxes.  Fax machines are left on and ready to receive the urgent communications their owners desire to receive.

ANSWER:    **Defendant has insufficient knowledge to form a belief as to the truth or falsity of the allegations contained in Paragraph 14 of Plaintiff's Class Action Complaint, and therefore, neither admits nor denies such allegations, but demands strict proof thereof.**

**COUNT I**
**TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227**

15.    Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

ANSWER:    **Defendant incorporates, by reference, its answers to the preceding Paragraphs of the Answer to Plaintiff's Class Action Complaint, as if fully set forth herein.**

16.    In accordance with 735 ILCS 5/2-801, Plaintiff brings Count I pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227, on behalf of the following class of persons:

> All persons who (1) on or after four years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods, or services by or on behalf of Defendant, and (3) with respect to whom Defendant did not have prior express permission or invitation for the sending of such faxes, and (4) with whom Defendant did not have an established business relationship.

ANSWER:    **Defendant admits that Plaintiff has brought an action against Defendant**

**based upon the alleged statute. Defendant denies the remaining allegations contained in Paragraph 16 of Plaintiff's Class Action Complaint as alleged therein.**

17. A class action is warranted because:

    a. On information and belief, the class includes forty or more persons and is so numerous that joinder of all members is impracticable;

    b. There are questions of fact or law common to the class that predominating over questions affecting only individual class members, including without limitation:

        i. Whether Defendant sent unsolicited fax advertisements;

        ii. Whether Defendant's facsimiles advertised the commercial availability of property, goods, or services;

        iii. The manner and method Defendant used to compile or obtain the list of fax numbers to which it sent Exhibit A and other unsolicited faxed advertisements;

        iv. Whether Defendant faxed advertisements without first obtaining the recipients' express permission or invitation;

        v. Whether Defendant violated the provisions of 47 U.S.C. § 227;

        vi. Whether Plaintiff and the other class members are entitled to statutory damages;

        vii. Whether Defendant should be enjoined from faxing advertisements in the future; and

        viii. Whether the Court should award trebled damages.

**ANSWER:** **Defendant denies that a class action is proper in this matter as alleged in Paragraph 17(a)-(b)(i)-(viii), inclusive, of Plaintiff's Class Action Complaint.**

18. Plaintiff will fairly and adequately protect the interests of the other class

members. Plaintiff's counsel are experienced in handling class actions and claims involving unsolicited advertising faxes. Neither Plaintiff nor Plaintiff's counsel has any interests adverse or in conflict with the absent class members.

**ANSWER:**    **Defendant denies the allegations contained in Paragraph 18 of Plaintiff's Class Action Complaint as alleged therein.**

19.    A class action is an appropriate method for adjudicating this controversy fairly and efficiently. The interest of each individual class member in controlling the prosecution of separate claims is small and individual actions are not economically feasible.

**ANSWER:**    **Defendant denies the allegations contained in Paragraph 19 of Plaintiff's Class Action Complaint as alleged therein.**

20.    The TCPA prohibits the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine ..." 47 U.S.C. § 227(b)(1).

**ANSWER:**    **Defendant states that the allegations contained in Paragraph 20 of Plaintiff's Class Action Complaint are legal conclusions to which no answer is required. To the extent that Paragraph 20 of Plaintiff's Class Action Complaint is deemed to contain allegations of fact, Defendant denies same.**

21.    The TCPA defines "unsolicited advertisement," as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's express invitation or permission." 47 U.S.C. § 227(a)(4).

**ANSWER:**    **Defendant states that the allegations contained in Paragraph 21 of Plaintiff's Class Action Complaint are legal conclusions to which no answer is required. To the extent that Paragraph 21 of Plaintiff's Class Action Complaint is deemed to contain allegations of fact, Defendant denies same.**

22.    The TCPA provides:

3.    Private right of action. A person may, if otherwise permitted by the laws or rules of court of a state, bring in an appropriate court of that state:

(A)    An action based on a violation of this subsection or the

regulations prescribed under this subsection to enjoin such violation,

(B)   An action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or

(C)   Both such actions.

**ANSWER:**   **Defendant states that the allegations contained in Paragraph 22 of Plaintiff's Class Action Complaint are legal conclusions to which no answer is required. To the extent that Paragraph 22 of Plaintiff's Class Action Complaint is deemed to contain allegations of fact, Defendant denies same.**

23.   The Court, in its discretion, can treble the statutory damages if the violation was knowing. 47 U.S.C. § 227.

**ANSWER:**   **Defendant states that the allegations contained in Paragraph 23 of Plaintiff's Class Action Complaint are legal conclusions to which no answer is required. To the extent that Paragraph 23 of Plaintiff's Class Action Complaint is deemed to contain allegations of fact, Defendant denies same.**

24.   Defendant violated the 47 U.S.C. § 227 et seq. by sending advertising faxes (such as Exhibit A) to Plaintiff and the other members of the class without first obtaining their prior express invitation or permission.

**ANSWER:**   **Defendant denies the allegations contained in Paragraph 24 of Plaintiff's Class Action Complaint as alleged therein.**

25.   The TCPA is a strict liability statute and Defendant is liable to Plaintiff and the other class members even if its actions were only negligent.

**ANSWER:**   **Defendant denies the allegations contained in Paragraph 25 of Plaintiff's Class Action Complaint as alleged therein.**

26.   Defendant knew or should have known that Plaintiff and the other class members had not given express invitation or permission for Defendant or anybody else to fax advertisements about Defendant's good or services.

**ANSWER:**   **Defendant denies the allegations contained in Paragraph 26 of Plaintiff's**

Class Action Complaint as alleged therein.

27.    Defendant's actions caused damages to Plaintiff and the other class members. Receiving Defendant's junk faxes caused the recipients to lose paper and toner consumed in the printing of Defendant's faxes.    Moreover, Defendant's faxes used Plaintiff's fax machine. Defendant's faxes cost Plaintiff time, as Plaintiff and its employees wasted their time receiving and routing Defendant's illegal faxes.    Finally, Defendant's faxes lawfully interrupted Plaintiff's and the other class members' privacy interests in being left alone.

**ANSWER:    Defendant denies the allegations contained in Paragraph 27 of Plaintiff's Class Action Complaint as alleged therein.**

28.    Even if Defendant did not intend to cause damage to Plaintiff and the other class members, did not intend to violate their privacy, and did not intend to waste the recipients' valuable time with Defendant's advertisements, those facts are irrelevant because the TCPA is a strict liability statute.

**ANSWER:    Defendant denies the allegations contained in Paragraph 28 of Plaintiff's Class Action Complaint as alleged therein.**

**WHEREFORE**, Defendant, AMERICA DIRECT, INC., respectfully requests: that judgment be entered in its favor and against Plaintiff with costs assessed against Plaintiff; and, that the Court award Defendant attorneys' fees and costs pursuant to FED. R. CIV. PRO. 11.

## COUNT II—CONVERSION

Contemporaneous herewith, Defendant has moved for dismissal of Count II and, therefore, no answer is required or provided hereto.

## COUNT III—ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT 815 ILCS 505/2

Contemporaneous herewith, Defendant has moved for dismissal of Count III and, therefore, no answer is required or provided hereto.

## AFFIRMATIVE DEFENSES

**NOW COMES** the Defendant, AMERICA DIRECT, INC., by and through its attorneys, Eric L. Samore, Molly A. Arranz, and Darren P. Grady of SMITHAMUNDSEN LLC, and for its Affirmative Defenses to the Plaintiff's Class Action Complaint, states as follows:

### FIRST AFFIRMATIVE DEFENSE

1.    In its Class Action Complaint, Plaintiff has failed to state a claim upon which relief may be granted against the defendant.

### SECOND AFFIRMATIVE DEFENSE

2.    Plaintiff had consented and provided prior express invitation or permission for receiving information from Defendant.

### THIRD AFFIRMATIVE DEFENSE

3.    As applied in this matter, the TCPA violates the Excessive Fines Clause of the Eighth Amendment of the United States Constitution.

### FOURTH AFFIRMATIVE DEFENSE

4.    The Plaintiff is estopped from bringing this lawsuit.

### FIFTH AFFIRMATIVE DEFENSE

5.    Plaintiff's claims for damages are barred by the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution, and any applicable State Constitutions.

### SIXTH AFFIRMATIVE DEFENSE

6.    With respect to Plaintiff's claims for damages, Defendant incorporates by reference all limitations on damage awards which arose in the decisions of *BMW of North*

*America v. Gore*, 116 US 1589 (1996) and *State Farm Mutual Automobile Insurance Co. v. Campbell*, 537 US 1042 (2003).

## SEVENTH AFFIRMATIVE DEFENSE

7.    Defendant hereby gives notice that it intends to rely upon such other and further affirmative defenses and counterclaims as may become available or apparent and hereby reserves its right to amend its Answer to assert such defenses or claims.

**WHEREFORE**, Defendant, AMERICA DIRECT, INC., respectfully requests respectfully requests: that this Court enter an Order dismissing Plaintiff's claims, with prejudice, with costs assessed against Plaintiff; and, that the Court award Defendant attorneys' fees and costs pursuant to FED. R. CIV. PRO. 11.

DEFENDANT RESPECTFULLY REQUESTS A TRIAL BY JURY.

Respectfully submitted,

By:    _____/s/ Molly A. Arranz_____
Attorneys for Defendant
AMERICA DIRECT, INC.

Eric L. Samore, ARDC # 6181345
Molly A. Arranz, ARDC # 6281122
Darren P. Grady ARDC # 6289608
SmithAmundsen
150 N. Michigan Avenue, Suite 3300
Chicago, Illinois 60601
(312) 894-3200

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 13th day of March 2008, she served the Defendant, America Direct, Inc.'s **Answer to Plaintiff's Class Action Complaint** on:

Brian J. Wanca
Ryan M. Kelly
Anderson & Wanca
3701 Algonquin Road, Suite 760
Rolling Meadows, IL 60008

Phillip A. Bock
Bock & Hatch LLC
134 N. LaSalle Street, Suite 1000
Chicago, IL 60602

This pleading was served upon the attorneys, as listed above, pursuant to the Northern District of Illinois General Order on Electronic Case Filing.

[x]    Pursuant to 28 USC Section 1746(2), I certify under penalty of perjury that the foregoing is true and correct. Executed on: March 13, 2008.


_____ Molly A. Arranz _____

Eric L. Samore, ARDC # 6181345
Molly A. Arranz, ARDC # 6281122
Darren P. Grady ARDC # 6289608
SMITH AMUNDSEN LLC
150 N. Michigan Avenue, Suite 3300
Chicago, Illinois 60601
(312) 894-3200
COUNSEL FOR AMERICA DIRECT, INC.

# EXHIBIT C

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## WESTERN DIVISION

| | | |
|---|---|---|
| JT's FRAMES, INC., an Illinois corporation, individually and as the representative of a class of similarly-situated persons, | ) ) ) ) | |
| Plaintiff, | ) | Case No.  08 C 1369 |
| v. | ) ) | Judge Kapala |
| | ) | Magistrate Judge Mahoney |
| AMERICA DIRECT, INC. | ) ) | |
| Defendant. | ) | |

### AFFIDAVIT OF MANDY J. SCHNEIDER

I, Mandy J. Schneider, under penalties as provided by law, testify to the following facts from my own personal knowledge:

1.      I am the Vice President of America Direct Inc. (hereafter, "America Direct").  I have held the position of Vice President for three years.  In this position, I have knowledge of the advertising efforts of America Direct and I have day-to-day supervision over the employees' communications, correspondence, and interaction with outside entities and persons.

2.      America Direct is a small company in Algonquin, Illinois.  In November 2007, we only employed four people.  The business of America Direct is to send advertisements by US Mail, only, on behalf of other companies.  America Direct has never utilized any faxing service or its own facsimile machine or computer to transmit any advertisements by facsimile.  The company has only one fax machine, which is located in close proximity to my office.

3.      On or about August 2007, America Direct became a member of two

1

Chambers of Commerce in McHenry County, the Crystal Lake Chamber of Commerce and the Algonquin Lake Chamber of Commerce.

4.    As a member of these Chambers of Commerce, America Direct took advantage of a service offered by these organizations, whereby members could provide inserts for the monthly newsletters sent out by these Chambers of Commerce via mail. In November 2007, America Direct provided two inserts to these two Chambers of Commerce to be included in the monthly newsletter mailed to members on the organizations' mailing lists.

5.    I have reviewed "Exhibit A" attached by the Plaintiff to the Complaint. This "Exhibit A" was one of the inserts provided by America Direct to the Chambers of Commerce for inclusion in their newsletters to be sent in the mail to other Chamber of Commerce members.

6.    This document, which Plaintiff claims was sent via facsimile, was never transmitted by facsimile by America Direct to Plaintiff or any other entity or person in November 2007.

7.    I have thoroughly reviewed America Direct's telephone detail reports for the entire month of November 2007. (Nov. 2007 Telephone Records attached hereto as **Exhibit A.**) I have verified with America Direct's phone company that these phone records show any and all communications during the month of November 2007, including communications or transmissions with companies located within 1.5 miles of America Direct. I have verified that America Direct's phone records show absolutely no facsimile transmission to JT's Frames.

FURTHER, the affiant sayeth not.

[x]    Pursuant to 28 USC Section 1746(2),
       I certify under penalty of perjury that
       the foregoing is true and correct.
       Executed on: April 14, 2008.

       _____
       Mandy J. Schneider

**at&t**

# MECHANIZED CALL DETAIL

Dear AT&T Customer:

Enclosed is a copy of the call detail printout you requested of local calls made from your telephone number.

Here's how to read it:

| Date | Time | Number Called | Mins | Band |
|------|------|---------------|------|------|
| ---- | ---- | ------------- | ---- | ---- |
| 01-02 | 1:00P | 312 555-1000 | 4 | B |

In the above example, the call was made January 2nd at 1:00 P.M., to the telephone number 312-555-1000. The length of the call was 4 minutes. The letter after the minutes indicates the calling band, which determines the cost of the call.

If you have further questions regarding the enclosed information, please call your service representative. The number is located on the first page of your AT&T telephone bill.

Thank you for letting AT&T be of service.

**Call Detail**

ACCOUNT (847) 854-9000 411          DETAIL:
LINE (847) 854-9000

| DATE | TIME | NUMBER CALLED | MINS | BAND |
|------|------|---------------|------|------|
| 10-25 | 9:04A | 847-516-6500 | 1 | A |
| 10-25 | 9:04A | 847-516-6500 | 1 | A |
| 10-25 | 10:15A | 847-516-6500 | 1 | A |
| 10-25 | 10:16A | 847-516-6500 | 1 | A |
| 10-25 | 11:26A | 847-516-6500 | 1 | A |
| 10-25 | 11:40A | 847-658-0012 | 3 | A |
| 10-25 | 12:06P | 815-459-7877 | 1 | A |
| 10-25 | 12:23P | 847-778-0200 | 2 | B |
| 10-25 | 1:40P | 847-516-6500 | 1 | A |
| 10-25 | 1:45P | 847-516-6500 | 1 | A |
| 10-25 | 2:05P | 847-516-6500 | 2 | A |
| 10-25 | 2:08P | 847-658-0012 | 2 | A |
| 10-25 | 2:36P | 224-333-0100 | 1 | A |
| 10-25 | 6:37P | 847-516-6500 | 1 | A |
| 10-26 | 1:20P | 815-334-9345 | 1 | B |
| 10-26 | 2:04P | 847-888-1150 | 2 | B |
| 10-26 | 4:21P | 847-516-6500 | 1 | A |
| 10-28 | 9:05P | 847-516-6500 | 1 | A |
| 10-28 | 9:16P | 847-516-6500 | 1 | A |
| 10-29 | 8:01A | 847-516-6500 | 1 | A |
| 10-29 | 8:02A | 847-516-6500 | 1 | A |
| 10-29 | 8:03A | 847-516-6500 | 1 | A |
| 10-29 | 8:44A | 847-516-6500 | 2 | A |
| 10-29 | 12:14P | 224-333-0100 | 1 | A |
| 10-29 | 12:15P | 847-516-6500 | 1 | A |
| 10-29 | 1:12P | 847-658-0012 | 1 | A |
| 10-29 | 1:30P | 847-516-6500 | 1 | A |
| 10-29 | 1:40P | 847-516-6500 | 1 | A |
| 10-29 | 4:41P | 847-658-0012 | 2 | A |
| 10-29 | 6:40P | 847-516-6500 | 1 | A |
| 10-30 | 8:07P | 847-516-6500 | 2 | A |
| 10-31 | 9:05A | 847-381-3786 | 1 | B |
| 10-31 | 9:21A | 847-381-3786 | 3 | B |
| 10-31 | 9:45A | 847-516-6500 | 2 | A |
| 10-31 | 9:54A | 847-516-6500 | 1 | A |
| 10-31 | 9:56A | 847-516-6500 | 1 | A |
| 10-31 | 9:57A | 847-381-3786 | 1 | B |
| 10-31 | 10:04A | 847-658-0012 | 4 | A |
| 10-31 | 6:06P | 847-516-6500 | 1 | A |
| 11-01 | 8:38A | 847-516-6500 | 2 | A |
| 11-01 | 9:25A | 847-516-6500 | 3 | A |
| 11-01 | 4:16P | 847-888-1150 | 1 | B |
| 11-01 | 4:30P | 847-516-6500 | 1 | A |
| 11-01 | 5:02P | 847-516-6500 | 1 | A |
| 11-01 | 6:25P | 847-516-6500 | 1 | A |
| 11-02 | 8:07A | 847-381-3786 | 1 | B |
| 11-02 | 9:25A | 847-516-6500 | 1 | A |
| 11-02 | 9:36A | 847-516-6500 | 1 | A |
| 11-02 | 11:49A | 847-381-3786 | 9 | B |
| 11-02 | 2:14P | 847-658-0012 | 1 | A |

Local Services provided by AT&T Illinois, AT&T Indiana, AT&T Michigan, AT&T Ohio or AT&T Wisconsin based upon the service address location.



**Billed on Account**
847-854-9000

Account Number 847 854-9000-411
Billing Date 11/2007

Page 34 of 35

## Call Detail

ACCOUNT (847) 854-9000 411
LINE (847) 854-9000

DETAIL:

| DATE | TIME | NUMBER CALLED | MINS | BAND |
|------|------|---------------|------|------|
| 11-02 | 2:49P | 847-516-8500 | 1 | A |
| 11-02 | 2:58P | 847-516-8500 | 1 | A |
| 11-02 | 3:55P | 847-658-3939 | 1 | A |
| 11-02 | 6:36P | 847-516-6500 | 1 | A |
| 11-05 | 8:52A | 847-658-0012 | 1 | A |
| 11-05 | 9:55A | 847-381-4105 | 2 | B |
| 11-05 | 10:51A | 847-658-3939 | 1 | A |
| 11-05 | 11:24A | 847-516-6500 | 1 | A |
| 11-05 | 11:42A | 847-516-8500 | 1 | A |
| 11-05 | 1:59P | 847-516-8500 | 1 | A |
| 11-05 | 2:57P | 847-516-8500 | 1 | A |
| 11-05 | 3:27P | 847-516-8500 | 1 | A |
| 11-05 | 3:38P | 847-516-8500 | 1 | A |
| 11-05 | 3:45P | 847-516-8500 | 1 | A |
| 11-05 | 3:48P | 847-658-4111 | 3 | A |
| 11-06 | 10:49A | 847-658-8855 | 1 | A |
| 11-06 | 4:32P | 847-516-6500 | 1 | A |
| 11-07 | 2:22P | 847-516-8500 | 1 | A |
| 11-07 | 3:28P | 847-381-3788 | 2 | B |
| 11-08 | 1:45P | 847-381-6300 | 3 | B |
| 11-08 | 1:48P | 847-426-7232 | 7 | A |
| 11-08 | 1:55P | 847-426-7232 | 1 | A |
| 11-08 | 4:28P | 847-516-6500 | 1 | A |
| 11-08 | 4:40P | 847-516-8500 | 1 | A |
| 11-12 | 9:27A | 847-438-4049 | 2 | B |
| 11-12 | 10:21A | 224-333-0100 | 1 | A |
| 11-12 | 11:16A | 815-353-1515 | 2 | B |
| 11-12 | 11:34A | 847-458-7883 | 1 | A |
| 11-12 | 3:27P | 847-516-6500 | 1 | A |
| 11-12 | 3:43P | 847-516-6500 | 1 | A |
| 11-12 | 4:24P | 847-516-6500 | 1 | A |
| 11-13 | 9:42A | 847-516-6500 | 1 | A |
| 11-13 | 10:35A | 847-516-6500 | 1 | A |
| 11-13 | 11:19A | 847-516-8500 | 3 | A |
| 11-13 | 3:36P | 847-428-9769 | 1 | B |
| 11-14 | 9:40A | 847-516-8500 | 1 | A |
| 11-14 | 9:58A | 847-516-6500 | 2 | A |
| 11-14 | 10:21A | 847-516-6500 | 2 | A |
| 11-14 | 10:23A | 847-658-4111 | 10 | A |
| 11-14 | 10:33A | 847-438-4591 | 1 | B |
| 11-14 | 11:55A | 847-516-8500 | 1 | A |
| 11-14 | 12:01P | 847-516-6500 | 1 | A |
| 11-14 | 12:33P | 847-515-8500 | 1 | A |
| 11-14 | 12:34P | 847-658-4111 | 2 | A |
| 11-14 | 1:46P | 847-381-3788 | 3 | B |
| 11-14 | 2:50P | 847-516-8500 | 1 | A |
| 11-15 | 8:31A | 847-515-6500 | 1 | A |
| 11-15 | 9:18A | 847-516-6500 | 1 | A |
| 11-15 | 9:20A | 847-516-8500 | 1 | A |
| 11-15 | 9:20A | 847-516-8500 | 1 | A |

## Call Detail

ACCOUNT (847) 854-9000 411
LINE (847) 854-9000

DETAIL:

| DATE | TIME | NUMBER CALLED | MINS | BAND |
|------|------|---------------|------|------|
| 11-15 | 11:25A | 847-516-6500 | 8 | A |
| 11-15 | 11:31A | 847-516-6500 | 1 | A |
| 11-15 | 11:32A | 847-516-6500 | 1 | A |
| 11-15 | 11:34A | 847-516-6500 | 2 | A |
| 11-16 | 9:18A | 847-658-4111 | 1 | A |
| 11-16 | 9:44A | 847-658-0012 | 2 | A |
| 11-16 | 1:03P | 847-658-0012 | 2 | A |
| 11-16 | 2:23P | 847-658-0012 | 4 | A |
| 11-16 | 3:07P | 847-381-3788 | 1 | B |
| 11-16 | 4:46P | 847-516-8500 | 1 | A |
| 11-17 | 9:32A | 847-516-6500 | 1 | A |
| 11-17 | 9:55A | 847-516-6500 | 1 | A |
| 11-17 | 10:59A | 847-516-6500 | 2 | A |
| 11-17 | 4:35P | 847-516-6500 | 1 | A |
| 11-19 | 6:35A | 847-515-6500 | 1 | A |
| 11-19 | 8:49A | 847-516-8500 | 1 | A |
| 11-19 | 9:07A | 847-516-6500 | 1 | A |
| 11-19 | 9:41A | 847-516-6500 | 1 | A |
| 11-19 | 12:01P | 847-458-7883 | 1 | A |
| 11-19 | 4:36P | 847-516-6500 | 1 | A |
| 11-20 | 6:47A | 847-516-8500 | 1 | A |
| 11-20 | 8:36A | 847-516-6500 | 1 | A |
| 11-20 | 9:24A | 847-516-8500 | 1 | A |
| 11-20 | 11:29A | 847-516-8500 | 1 | A |
| 11-20 | 1:54P | 847-516-8500 | 1 | A |
| 11-20 | 2:35P | 847-516-8500 | 1 | A |
| 11-20 | 2:56P | 847-658-0012 | 2 | A |
| 11-20 | 3:22P | 847-516-6500 | 2 | A |
| 11-20 | 3:31P | 847-516-8500 | 2 | A |
| 11-20 | 4:01P | 847-658-4111 | 3 | A |
| 11-20 | 4:13P | 847-658-0012 | 2 | A |
| 11-20 | 5:28P | 847-516-6500 | 1 | A |
| 11-20 | 3:41P | 847-516-6500 | 1 | A |
| 11-20 | 5:47P | 847-516-6500 | 2 | A |
| 11-21 | 8:20A | 847-516-6500 | 2 | A |
| 11-21 | 8:22A | 847-658-4111 | 1 | A |
| 11-21 | 8:26A | 847-381-3788 | 3 | B |
| 11-21 | 11:30A | 847-381-3788 | 6 | B |
| 11-21 | 11:57A | 847-381-3788 | 1 | B |
| 11-21 | 12:01P | 847-381-3788 | 1 | B |
| 11-21 | 12:34P | 847-516-8500 | 1 | A |
| 11-21 | 12:35P | 847-516-8500 | 1 | A |
| 11-21 | 2:28P | 847-516-6500 | 1 | A |
| 11-21 | 2:37P | 847-516-6500 | 1 | A |
| 11-21 | 3:30P | 847-516-8500 | 1 | A |
| 11-21 | 3:35P | 847-516-8500 | 1 | A |

© 2008 AT&T Knowledge Ventures. All rights reserved.



5264.001.000045.01.02.0000000 NNNNNNNN   89.99



## Call Detail

ACCOUNT (847) 854-9000 411     DETAIL:
LINE (847) 854-9000

| DATE | TIME | NUMBER CALLED | MINS | BAND |
|------|------|---------------|------|------|
| 11-23 | 11:46A | 847-516-6500 | 1 | A |

| LINE | TOTAL BAND-A | MSGS | 125 | |
| | | MINUTES | 181 | |
| LINE | TOTAL BAND-B | MSGS | 22 | |
| | | MINUTES | 50 | |
| LINE | TOTAL BAND-C | MSGS | 0 | |
| | | MINUTES | 0 | |

ACCOUNT (847) 854-9000 411     DETAIL:
LINE (847) 854-9001

| DATE | TIME | NUMBER CALLED | MINS | BAND |
|------|------|---------------|------|------|
| 10-28 | 11:32A | 815-334-9345 | 1 | B |
| 11-20 | 3:33P | 847-516-6500 | 1 | A |

| LINE | TOTAL BAND-A | MSGS | 1 | |
| | | MINUTES | 1 | |
| LINE | TOTAL BAND-B | MSGS | 1 | |
| | | MINUTES | 1 | |
| LINE | TOTAL BAND-C | MSGS | 0 | |
| | | MINUTES | 0 | |

ACCOUNT (847) 854-9000 411     DETAIL:
LINE (847) 854-9002

| DATE | TIME | NUMBER CALLED | MINS | BAND |
|------|------|---------------|------|------|
| 10-28 | 12:15P | 847-516-6500 | 1 | A |
| 11-16 | 1:05P | 847-658-0012 | 2 | A |

| LINE | TOTAL BAND-A | MSGS | 2 | |
| | | MINUTES | 3 | |
| LINE | TOTAL BAND-B | MSGS | 0 | |
| | | MINUTES | 0 | |
| LINE | TOTAL BAND-C | MSGS | 0 | |
| | | MINUTES | 0 | |

ACCOUNT (847) 854-9000 411     DETAIL:
LINE (847) 854-9003

| DATE | TIME | NUMBER CALLED | MINS | BAND |
|------|------|---------------|------|------|
| 10-31 | 9:30A | 847-658-4998 | 1 | A |
| 11-01 | 3:00P | 847-778-0222 | 1 | B |
| 11-06 | 9:34A | 847-658-4998 | 1 | A |
| 11-06 | 10:51A | 847-658-0844 | 1 | A |
| 11-06 | 10:54A | 847-658-0844 | 2 | A |
| 11-08 | 12:15P | 847-658-4998 | 1 | A |
| 11-08 | 12:16P | 847-658-4998 | 1 | A |
| 11-09 | 11:53A | 847-658-4998 | 1 | A |
| 11-15 | 11:45A | 847-658-4998 | 1 | A |
| 11-19 | 2:38P | 847-658-4998 | 1 | A |

## Call Detail

ACCOUNT (847) 854-9000 411     DETAIL:
LINE (847) 854-9003

| DATE | TIME | NUMBER CALLED | MINS | BAND |
|------|------|---------------|------|------|
| 11-21 | 2:39P | 847-658-4998 | 1 | A |

| LINE | TOTAL BAND-A | MSGS | 10 | |
| | | MINUTES | 11 | |
| LINE | TOTAL BAND-B | MSGS | 1 | |
| | | MINUTES | 1 | |
| LINE | TOTAL BAND-C | MSGS | 0 | |
| | | MINUTES | 0 | |

| ACCT | TOTAL BAND-A | MSGS | 138 | |
| | | MINUTES | 196 | |
| ACCT | TOTAL BAND-B | MSGS | 24 | |
| | | MINUTES | 52 | |
| ACCT | TOTAL BAND-C | MSGS | 0 | |
| | | MINUTES | 0 | |
| ACCOUNT | TOTAL | MSGS | 162 | |
| | | MINUTES | 248 | |