UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| JT's FRAMES, INC., an Illinois corporation, individually and as the representative of a class of similarly-situated persons,<br><br>              Plaintiff,<br>v.<br><br>AMERICA DIRECT, INC.<br><br>              Defendant. | Case No.  08 C 1369<br><br>Judge Kapala<br>Magistrate Judge Mahoney |

**DEFENDANT, AMERICA DIRECT, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT PURSUANT TO FED. R. CIV. P. 56**

**NOW COMES** Defendant, AMERICA DIRECT, INC., by and through its attorneys, Eric L. Samore, Molly A. Arranz, and Darren P. Grady of SMITHAMUNDSEN LLC, and moves this Court for summary judgment in its favor, pursuant to Federal Rule of Civil Procedure 56, by submitting this Memorandum of Law in Support of its Motion for Summary Judgment as required by Local Rule 56.1(a)(2).  In support, Defendant states as follows:

Summary judgment for America Direct, Inc. (hereafter "America Direct" or "Defendant") is proper because, quite simply, the undisputed facts of the case show there has been no sending, authorization of a sending, or transmission of an unsolicited facsimile advertisement by America Direct to JT's Frames, Inc. (hereafter "JT's Frames" or "Plaintiff") in violation of the Telephone Consumer Protection Act.

**I.    THE CLAIMED "FACSIMILE" AT ISSUE IN THIS CASE WAS NEVER TRANSMITTED BY DEFENDANT TO PLAINTIFF VIA FACSIMILE; THEREBY, AMERICA DIRECT DID NOT VIOLATE THE TCPA.**

Summary judgment for America Direct with regard to Plaintiff's TCPA claim is proper for two reasons: Defendant never sent nor authorized the sending of any facsimile advertisement

Case No. 08 C 1369                                                                                           3006634 ELS/MAA/DPG

to Plaintiff; and, there is no evidence of any transmission of an unsolicited advertisement by facsimile in this case. Simply put, Plaintiff cannot maintain its TCPA action without evidence of an unsolicited advertisement having been sent by facsimile; and, in this case, the undisputed facts show that no such sending or transmission occurred. Therefore, summary judgment for America Direct is proper

> **A.    THE TCPA DOES NOT APPLY IF THERE HAS BEEN NO SENDING OR TRANSMISSION OF AN UNSOLICITED ADVERTISEMENT BY FACSIMILE.**

The TCPA does not prohibit all advertising. *See* 47 U.S.C. § 227(b)(1)(C)(2005). Instead, the TCPA makes it "unlawful for any person … to use any telephone facsimile machine, computer, or other device to send, to a telephone facsimile machine, an unsolicited advertisement." *Id.* Here, the Plaintiff claims to have received an unsolicited fax from Defendant. However, the undisputed facts show that the "facsimile"—"Exhibit A" to the Complaint—was not an advertisement faxed from Defendant to Plaintiff. Instead, "Exhibit A" was an insert put into a newsletter *mailing* for the Chamber of Commerce to send in the mail to its members. (Undisputed Facts ¶¶ 11, 12)(emphasis added.) Also, the evidence of this case shows no receipt or transmission from Defendant to Plaintiff. Therefore, under the plain language of the statute and the undisputed facts of this case, JT's Frames does not have a TCPA claim against America Direct.

"[W]hen confronted with a motion for summary judgment, a party who bears the burden of proof on a particular issue may not rest on its pleading, but must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact which requires trial." *Zakaras v. United Airlines, Inc.*, 121 F. Supp. 2d 1196, 1206-1207 (N.D. Ill. 2000)(citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 91 L. Ed. 2d 265, 106 S. Ct. 2548 (1986)). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party,

Case No. 08 C 1369                                                                 3006634 ELS/MAA/DPG

there is no genuine issue for trial.'" *Id.* "There is no issue for trial 'unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party.'" *Id.* Summary judgment *must* be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Id.* (emphasis added.)

Here, under the TCPA, Plaintiff must prove—at a minimum—specific facts showing a sending of an advertisement by facsimile from Defendant to Plaintiff's facsimile machine in order for there to be any genuine issue of material fact which requires trial. *Zakaras*, 121 F. Supp. 2d at 1206-1207; *see also* 47 U.S.C. § 227(b)(1)(C). In other words, if there are no facts indicating a sending (and receipt) by facsimile of an advertisement from America Direct to JT's Frames, then America Direct is entitled to summary judgment because summary judgment "*must* be granted against a party" who fails to establish the existence of an element essential to that party's case. *Zakaras*, 121 F. Supp. 2d at 1207.

      **B.**    **THE UNDISPUTABLE FACTS OF THIS CASE SHOW NO VIOLATION OF THE TCPA.**

Given the undisputed facts of this case, America Direct is entitled to summary judgment because Defendant did not send—or authorize anyone else to send—any unsolicited fax advertisement to Plaintiff and because Plaintiff did not receive Exhibit A to the Complaint via facsimile. Plaintiff claims that in November 2007, "Defendant faxed an advertisement to Plaintiff," and this allegation is the sole basis for the lawsuit against Defendant. (Undisputed Facts ¶¶ 6-7.) In other words, evidence that Defendant (or some agent of Defendant) faxed an unsolicited advertisement to Plaintiff or that there was a transmission by facsimile of an unsolicited advertisement is the necessary core for a TCPA claim. Here, however, the facts of the case show just the opposite: Defendant has never sent any advertisements by facsimile, and

Case No. 08 C 1369                                                             3006634 ELS/MAA/DPG

the alleged "facsimile" at issue was a mailing sent to Chamber of Commerce members in McHenry County.

### 1.   Defendant Did Not Fax And Did Not Authorize The Faxing Of Exhibit A To The Complaint.

The plain and undisputed facts of this case show that America Direct, a small company in Algonquin, Illinois, which is located in close proximity to Plaintiff's location, has never utilized any faxing service or its own facsimile machine or computer to transmit any of its fliers by facsimile. (Undisputed Facts ¶¶ 3, 9.) Instead, America Direct is in the business of sending fliers or advertisements *by mail, only*, on behalf of other companies that have requested its services. (*Id.*, ¶ 9)(emphasis added.) As a small business in the community of McHenry County, America Direct decided—in August 2007—to join two Chambers of Commerce: the Crystal Lake Chamber of Commerce and the Algonquin Lake Chamber of Commerce. (*Id.*, ¶ 10.) When these two Chambers of Commerce offered a service to their members, whereby Chamber members could insert their own fliers into the monthly newsletters mailed to other Chamber members, America Direct decided to participate in this program. (*Id.*) Specifically, in November 2007, which is the timeframe at issue in the Complaint, America Direct provided two inserts to the Chambers of Commerce for inclusion in the monthly newsletter mailed to members on the organizations' mailing lists. (*Id.*)

One of these inserts provided by America Direct to the Chambers of Commerce for the newsletters to be sent *in the mail* to other Chamber of Commerce members is "Exhibit A" to the Complaint. (*Id.*, ¶ 11.) America Direct never sent a facsimile in the form of "Exhibit A" to Plaintiff or any other entity or person in November 2007. (*Id.*, ¶ 12.) America Direct never authorized any third-party to send a facsimile in the form of "Exhibit A" to any person or entity in November 2007. (*See id.*) Indeed, the telephone records for America Direct—from

Case No. 08 C 1369                                                                3006634 ELS/MAA/DPG

November 2007—verify this fact, as there is no indication of any faxing of any document from Defendant to Plaintiff on Defendant's fax line.  (*Id.*, ¶ 14.)

### 2. There Is No Evidence Of A Transmission Of Exhibit A From Defendant To The Plaintiff In Violation Of The TCPA.

For its part, Plaintiff has produced a document, marked as "Exhibit A," which Plaintiff claims Defendant "faxed" to Plaintiff; yet, absolutely no evidence exists as to any transmission. (Undisputed Facts ¶ 7.)  There is has no proof that "Exhibit A," attached to the Complaint, was sent via facsimile from Defendant.  (*Id.*, ¶¶ 7, 13.)

"Exhibit A" has absolutely no indication that any facsimile transmission ever occurred. (*Id.*, ¶ 13.)  There is no "header" showing any facsimile number, time or date of transmission, or any other identification of a facsimile on "Exhibit A."  (*See id.*)  Instead, the contents of Exhibit A only bolster Defendant's proof that "Exhibit A" was a flier or advertisement submitted to the Chambers of Commerce for inclusion in these organizations' monthly newsletters mailed to other members.  (*Id.*, ¶¶ 11, 13.)  This flier explains that America Direct is "Your partner in direct mail…" and asks the recipients whether they are receiving the best postage rates for their "direct mail campaign."  (*Id.*, ¶ 13.)

## II. CONCLUSION.

The undisputed facts of this case show that Plaintiff's claim of a violation of the TCPA fails as a matter of law.  It is abundantly clear that Plaintiff—who bears the burden of proof on the particular issue of whether there was a facsimile transmission—cannot meet its burden of showing a genuine issue of material fact that precludes summary judgment for Defendant. *See Zakaras*, 121 F. Supp. 2d at 1206-1207.   To maintain a TCPA claim, there must be, at a minimum, evidence that Defendant used a "telephone facsimile machine, computer, or other device to send, to a telephone facsimile machine, an unsolicited advertisement."  47 U.S.C.

Case No. 08 C 1369                                                                 3006634 ELS/MAA/DPG

§ 227(b)(1)(C). Here, "the record taken as a whole" shows that Plaintiff cannot demonstrate any material fact to support the crux of its burden under the TCPA—that there was a faxing of an advertisement from Defendant to Plaintiff. *Zakaras*, 121 F. Supp. 2d at 1206-1207. There is no indicium of any "facsimile" being at issue. "Exhibit A" to the Complaint was never sent by a facsimile machine but was, instead, an insert put into a newsletter *mailing*. Therefore, under the plain language of the statute and the undisputed facts of this case, JT's Frames does not have a TCPA claim against America Direct. Summary judgment for Defendant is proper.

**WHEREFORE**, Defendant, America Direct, Inc., prays that this Honorable Court enter an order 1) granting summary judgment in its favor and denying any and all claims against it arising out of this lawsuit; and 2) finding that there is no reason for delay of the enforcement or appeal of its order.

>Respectfully Submitted,
>
>SMITH AMUNDSEN, LLC
>
>By:  /s/ Molly A. Arranz
>Attorney for AMERICA DIRECT, INC.
>SMITH AMUNDSEN, LLC
>150 North Michigan Avenue, Suite 3300
>Chicago, Illinois 60601
>(312) 894-3200
>ARDC No. 6281122

Dated: April 23, 2008

Eric L. Samore, ARDC # 6181345
Molly A. Arranz, ARDC # 6281122
Darren P. Grady ARDC # 6289608
SmithAmundsen
150 N. Michigan Avenue, Suite 3300
Chicago, Illinois 60601
(312) 894-3200